IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD-DIVISION

---

Larry Crawford,              )
      Plaintiff,        )
                         )
      v.                 )
                         )
Illinois Department of Corrections/ )
Prisoner Review Board Members:      )
Craig Findley; Chairperson,         )
Ed Bowers; Board Member,            )
Edith Crigler; Board Member,        )
Salvador Diaz; Board Member,        )
Gary Duncan; Board Member,          )
Pete Fisher, Board Member,          )
D. Wayne Dunn; Board,               )   Case No. 17-4026
Vonetta Harris; Board Member,       )
Thomas L. Johnson; Board Member,    )
Daryl J. Jones; Board Member,       )
Thomas J. Kelly; Board Member,      )
Carol C. Kirbach; Board Member,     )
Pat Lonkas; Board Member,           )
Simeon B. Nackov; Board Member,     )
Jennifer B Vesely; Board Member,    )
S.A. Godinez; Director,             )
D. Edwards; Warden,                 )
Tim Clow; Counselor, CCIII,         )
Michael Davey;                      )
Angeline Stnaislaus, M.D.;          )
Office of the Illinois Attorney     )
General;                            )
Joelle T. Marasco; Assist. Attorney )
General.                            )
      Defendants.        )

---

TITLE 42 U.S.C. § 1983
CIVIL RIGHTS COMPLIANT
<u>WITH JURY DEMAND</u>
<u>INTRODUCTION</u>

This is a civil rights action filed by the Plaintiff, Larry Crawford, Pro se, for damages and injunctive relief under 42 U.S.C § 1983, allege a violation of equal protection of the law, substantive and procedural due process, in denial of the Fourteenth Amendment Guarantees,

(1)

INTRODUCTION
CONTINUED

alleging further, a violation of Plaintiff's right under the Eighth Amendment to the United States Constitution, prohibiting cruel and unusual punishment, and acts committed in furtherance of a conspiracy to deny the Plaintiff of his liberty and aforementioned, constitutional rights; additionally, the Plaintiff alleges that the Defendants have violated State Tort Law, by the intentional, infliction of mental and emotional distress.

JURISDICTION

1. The District Court has jurisdiction over the Plaintiff's claim of violation of Federal Constitutional Rights, under 28 U.S.C. § 1331(a), 29 U.S.C. § 794 and 42 U.S.C. § 12101 et seq.

2. The District Court also has Supplemental Jurisdiction over Plaintiff's State Law Tort, Intentional Infliction of Mental and Emotional Distress and violation of State Law, Obstruction of Justice.

PARTIES

3. The Plaintiff, Larry Crawford, is detained at the Illinois Department of human Services-Treatment and Detention Facility (DHS) located at 17019 County Farm Road, Rushville, Illinois 62681. The Plaintiff was initially detained and confined at or in the Illinois Department of Corrections, Taylorville, Correctional Center, being the place of confinement, address being P.O. Box 1000, Taylorville, Illinois, 62568, and subsequently was transferred to DHS Treatment and Detention Facility on January 27, 2015, and confinement has continued without any breaks and still continues to present (2017).

4. Defendant, Criag Findley, Prisoner Review Board, Chairperson; 319 E. Madison St., Suite A, Springfield, Illinois, 626701, is sued in his

PARTIES
CONTINUED

Individual and Official Capicity.

    5. Ed. Bowers, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Official Capicity.

    6. Edith Cigler, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in her Individual and Official Capicity.

    7. Salvador Diaz, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his individual and Official Capicity.

    8. Gary Duncan, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Offical Capicity.

    9. D. Wayne Dunn, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Official Capicity.

    10. Pete Fisher, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Official Capicity.

    11. Vonetta Harris, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in her Individual and Official Capicity.

    12. Thomas L. Johnson, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Official Capicity.

    13. Daryl J. Jones, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and

PARTIES
CONTINUED

Official Capicity.

14. Thomas J. Kelly, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Official Capicity.

15. Carol C. Kirbach, Prisoner Review Board, Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in her Individual and Official Capicity.

16. Pat Lonkas, Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in her individual and Official Capicity.

17. Simeon B. Nockov, Prisner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in his Individual and Official Capicity.

18. Jennifer B. Vesely|| Prisoner Review Board Member, 319 E. Madison St., Suite A, Springfield, Illinois, 62701, is sued in her Individual and Official Capicity.

19. S.A. Godinez, Illinois Department of Corrections, Director, 1301 Concordia Ct., Springfield, Illinois, 62702. is sued in his Individual and official Capicity.

20. D. Edwards, Warden, Taylorville Correctional Center, P.O. Box 1000, Taylorville, Illinois, 62568, is sued in his Individual and Official Capicity.

21. Tim Clow, CCIII, Counselor, Taylorville Correctional Center, P.O. Box 1000, Taylorville, Illinois, 62568, is sued in his Individual and Official Capicity.

## PARTIES
### CONTINUED

22. Michael Davey, Employee of the Illinois Department of Corrections, 1301 Concordia Ct., Springfield, Illinois, 62702, is sued in his Individual and Official Capicity.

23. Office of the Illinois Attorney General, 500 S. 2nd St., Springfield, Illinois, 62706, is sued in its Official Capicity.

24. Joelle T. Marasco, Assistant Attorney General & Bureau Chief, 100 W. Randolph St., 12th Floor, Chicago, Illinois, 60601, is sued in her Individual and Official Capicity.

25. Angeline Stanislaus, M.D., Two City Place Dr., 2nd Floor, Suite 200, St. Louis, Missouri, 63141, is sued in her Individual and Official Capicity.

### LITIGATION HISTORY

26. No other lawsuit has been brought in State or Federal Court dealing with these same set of facts.

27. No other lawsuits were brought during the Plaintiff's incarceration, however; since being detained at DHS, the Plaintiff has only brought and or been part of one lawsuit, and it is as follows:

   Crawford v. Liberty Health Care Corporation et al, 4:15-cv-04176, U.S. District Court, Central Illinois.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. The Plaintiff was not able to go through the proper process of any administrative remedy, due to being placed in segregation, January 26, 2015, in Taylorville Correctional Center, where he was confined, and within a twentyfour hour period, the Plaintiff was transferred to DHS, Treatment and Detention Facility, where there's no course of redress for the issue being brought in this suit.

## STATEMENT OF FACTS

29. On January 16, 2015, the Plaintiff, was due to be released on Mandatory Supervised Release (MSR). He was convicted of a class 2, sex offense, which was aggravated criminal sexual abuse, he was sentenced to six, three years sentences, which was served consecutively, which totaled out to be eighteen years, served at 50%, two years of MSR, was to follow.

30. The Plaintiff was not able to provide a host site, for him to be released to, at which time the Plaintiff was violated on the very day he was to be released on MSR.

31. The Plaintiff never appeared in front of the Prisoner Review Board, for any formal hearing of any kind, and never seen anyone from that particular agency, to afford him the right of due process.

32. The plaintiff, within the time of his MSR being violated, and before being placed in segregation, in the Taylorville Correctional Center, on January 26, 2015; Plaintiff was working with his family to find a host site, for him to be release to.

33. The Prisoner Review Board, provides a set of rules and or guidelines, which governs a Parolee's rights, in a Preliminary Revocation Hearing, in case the parolee has been violated for reasons stated on the violation report.

34. None of what's outlined in those set of rights, was afforded to the Plaintiff, the Plaintiff was just violated, one; becuase he did not have a host site, and two; for the purposes of being brought to the Department of Human Services (DHS), Treatment and Detention Facility, to be civilly committed.

## STATEMENT OF FACTS
## CONTINUED

35. Before the Plaintiff's family could secure him a host site, while being violated of his MSR, they we're unsuccessful in this attempt, to provide a host site.

36. The violation report reads, that there was no probable cause found and or that conditions of release have been violated and te Prisoner Review Board shall not conduct a parole violation hearing on such alledged violations, please note that, Tim Clow, was appointed as a Hearing Officer, and came to the aforemention statement, in this paragragh, this was done on January 26, 2015, and Michael Davey, was the person that violated the Plaintiff, on his initial release date, which was January 16, 2015.

37. On January 17, 2015, the Plaintiff was called to the Major's office, in Taylorville Correctional Center. Upon the Plaintiff's belief, The Illinois Attorney General's Office, dispatched an evaluator, by the name of Angeline Stanislaus, M.D., this particualr individual conducted an evaluation, with the Plaintiff's consent, for the purposes of determining if the Plaintiff met the criteria for Sexually Violent Persons (SVP), to be civilly committed.

38. The Plaintiff, prior to the evaluation conducted on January 17, 2015, by Angeline Stanislaus, M.D., was evaluated with his consent, by Vasililki Psoflias, Psy.D., in the month of November 2014, this evaluator concluded that the Plaintiff, did not meet the criteria for SVP.

39. As stated prior, the Attorney General's Office, upon the Plaintiff's belief, dispatched, Angeline Stanislaus, M.D., on January 17, 2015, to conduct another evaluation on the Plaintiff, since the Plaintiff

(7)

STATEMENT OF FACTS
CONTINUED

was violated on his MSR. It is the Plaintiff's belief that this particular was sent by collusion of Tim Clow, the Attorney General's Office, Michael Davey and Joelle T. Marasco, Assistant Attorney General and Bureau Chief, in charge of the Sexually Violent Persons Unit; to obtain a favorable evaluation for the State, which goes against the Plaintiff, which in turn this particular evaluator, Angeline Stanislaus, M.D., concluded in her evaluation, that the Plaintiff met the criteria for SVP. Please note the it was mentioned in the violation report, that the Plaintiff was being turned over to DHS.

40. The Plaintiff was found prior, not to meet the criteria for SVP, and now because the Plaintiff did not have a host site, to be released to, he now meets the criteria, by Angeline Stanislaus, M.D., which was dispatched by the State officials, upon the Plaintiff's belief, all this took place to subsequently violate his MSR.

Failure To Equally Protect

41. Other inmates, like the Plaintiff, whom had committed sex offenses and had nod secured a host site by thier out date, were not transferred to DHS, Treatment and Detention Facility, and in this was the Plaintiff was discriminated against.

42. Defendant, Michael Davey, initial asserion that, the Plaintiff violated his conditions of MSR, was arbitrary and carried out for an improper purpose, to wrongfully subject the Plaintiff, to involuntary committment under the SVPCA 725 ILCS 207/1 ct. seq.

43. Prisoners in the Department of Corrections (DOC), having previously been convicted for a sex offense, like the Plaintiff was convicted of a sex offense and had not secured a host site by thier MSR date, yet were

(8)

STATEMENT OF FACTS
CONTINUED

Failure To Equally Protect

civilly committed but whose MSR was violtated, were similarly situated for all practical purposes of the sexually violent persons law and no rational relationship, to a legitimate government purpose can be evidenced by the Defendants, other than arbitrary and discriminatory, motivations that present no rational basis for their difference in treatment.

44. Defendant, Michael Davey, Angeline Stanislaus, M.D., Office of the Attorney General, Joelle T. Marasco, Assistant Attorney General and Bureau Chief of the Sexually Violent Persons Unit, irrationally targeted the Plaintiff for the purposes of carrying out discriminatory treatment against the Plaintiff, a class-of-one. These Defendants actions allow for treating the Plaintiff different than other parole violators, similarly situated.

45. Defendant Joelle T. Marasco and Michael Davey are both State actors, Angeline Stanislaus, M.D., is an independant contractor.

46. Defendants Michael Davey, Angeline Stanislaus, M.D., and Joelle T. Marasco's actions, demonstrate malicious conduct on the part of government officials and exhibit, conduct that evidences a spiteful effort to get the Plaintiff and bring the Plaintiff under the augury of the SVPCA and is intentional.

47. Michael Davey and Angeline Stanislaus, M.D., a State and private official, reached an understanding to deprive the Plaintiff of his liberty (expectation of liberty) when it was erroneously asserted, Plaintiff violated the conditions of MSR, by not having found and secured a host site and Joelle T. Marasco, Assistant Attorney General and Bureau Chief, of the Sexually Violent Persons Unit, dispatched Angeline Stanislaus, M.D., to the Plaintiff's location, in Taylorville Correctional Center, to carry out acts in furtherance of conspiracy, to deprive the Plaintiff of equal protect

(9)

STATEMENT OF FACTS
CONTINUED

Failure To Equally Protect

ion (equal rights) under the law and that is opportunity to continue to work with famil and friends to find and secure a host site and enter onto MSR, obtaining freedom and further causing the Plaintiff to be subjected to involuntary civil confinement, under the SPVCA where the Plaintiff has an indefinite sentence and possibly could be locked up for the remainder of life, a serious deprivation of liberty and injury beyond repair.

Substantive Due Process

48. Plaintiff recieved no explanation from the Illinois Prisoner Review Board (PRB) and or a memeber from the PRB, why he was denied entry onto MSR, nor was a hearing provided, in accordance with 730 ILCS 5/3-3-9, Unified Code of Corrections, given the Plaintiff an opportunity to dispute those reasons.

49. The Plaintiff had an expectation of release onto MSR created by 730 ILCS 5/5-8-1, of the Unified Code of Corrections, unless the statutory reasons for denying MSR release could be found.

50. 730 ILCS 5/5-8-1 of the Unified Code of Corrections, unless statutory reasons ofr denying MSR exist, the Plaintiff had and or has and maintains an existing liberty interest, which may be afforded due process protections.

51. The Plaintiff was not afforded an opportunity to appear before the Hearing Officer, alledgedly designated by the PRB.

52. The Plaintiff was not arrested for a new offense, nor was the Plaintiff convicted for a new criminal charge, where there would be reason to deny appearance, before a Hearing Officer, to determine if the cause to hold the Plaintiff for a subsequent revocation hearing.

(10)

STATEMENT OF FACTS
CONTINUED

Substantive Due Process

53. The designated Hearing Officer, Tim Clow, founnd no probable cause to revoke/violate MSR.

54. The Plaintiff was prevented from calling witness (Plaintiff's family members) whom were assisting him to find and secure a host site and whom could have attested to such facts.

55. The Plaintiff was not afforded a timely Revocation Hearing in regards to revoking or denying entry onto MSR, therefore, the Plaintiff was not afforded the right to present mitigating evidence that would explain the circumstances surrounding the alledged violation of 730 ILCS 5/3-3-7, failure to attend or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release.

56. A RevocationHearing, regarding Plaintiff's MSR was not held before one member of the PRB, therefore the Plaintiff was denied the right to be heard in person and to present witnesses and documentary evidence.

57. The plaintiff was deprived of his liberty without due process, the Plaintiff would have eventually found a host site and at that time, allowed to enter MSR, however; following a Preliminary Hearing, to determine whether there was probable cause or reasonable grounds to believe that the Plaintiff had violated Rule #5 of his conditions of MSR, as alledged, initially, by Michael Davey, on January 16, 2015, and no probable cause that conditions of release have been violated and PRB shall not conduct a hearing on such alledged violations, being found by Tim Clow, on January 26, 2015, Defendant. Warden D. Edwards, directed other State employed security personnel to place the Plaintiff in segregation at the behest of an informal, unwritten policy, created and implemented by both Defendant, Warden D. Edwards and Director S.A. Godinez, without pencil, paper or pen; refusing the Plaintiff

STATEMENT OF FACTS
CONTINUED

Procedural Due Process

to violate the Plaintiff's MSR, on January 26, 2015, yet Director
S.A. Godinez, Warden D. Edwards, as a routine policy, practice and procedure,
rushed to have the Plaintiff placed in segregation and subsequently,
transferred to DHS, the next day, which was January 27, 2015.

61. The Plaintiff's deprivation of liberty is consitutionally invalid because the process leading up to it was deficient.

62. Director S.A. Godinez and Warden D. Edwards, are the final policy makers for the Taylorville Correctional Center.

63. The Plaintiff's liberty is independantly protected by the United States Constitution.

64. The non-existence of safeguards and policies, designated to protect the Plaintiff (and) other prison inmates MSR, violates potential MSR violators from State and its agents, arbitrary actions, carried out in furtherance to subject the Plaintiff to be prosecuted under the SVPCA, when looking to secure a host site, causes the Plaintiff to be held in the Department of Corrections for more time than legally permitted and then transferred to DHS, which caused atysical and significant hardship in relation to ordinary incidents of prison life.

Cruel An Unusual Punishment

65. The Department of Corrections (DOC), is a State Agency, municipality.

66. The Illinois Prisoner Review Board (PRB), is a State Agency, made up of many members, municipality.

67. DOC's lack of an adequate policy for fairly and adequately resolving potential MSR violators, an occuring problem of being unable to timely secure a host site and resulting, to routine procedures meant for

(13)

STATEMENT OF FACTS
CONTINUED

Cruel And Unusual Punishment

transferring inamtes, to DHS because the inmate was found to have a mental disorder, was what caused the Plaintiff, to be deprived of his Constitutional Rights.

68. Director S.A. Godinez and Warden D. Edwards, were aware, that Taylorville Correctional Center's population, mostly consisted of inmates whom had been convicted of a sex offense. Each were aware of inmates difficulty obtaining a host site, because of the State Law and that on any given day, an inmate; because of having not found and secured a host site, would not be released onto MSR, but that it did not amount to a violation of MSR, which more than likely would subject the Plaintiff to arbitrarily being prosecuted under the SVPCA and erroneously confined to DHS.

69. Director S.A. Godinez and Warden D. Edwards and the Office of the Attorney General, Joelle T. Marasco, were aware of the Class Action Suit against DOC and the PRB, for the unlawful turn-arounds of potential MSR violators, inmates unable to find and secure a host site in time enough to be released onto MSR and knew that they could subject the person to prosecution under the SVPCA was illegal.

70. Director S.A. Godinez and Warden D. Edwards and the PRB also, had witnessed by this time an inmate being referred for involuntary commitment, legitimately because of being alleged to have a mental disorder and to be dangerous and were aware that such practices subjects an inmate referred for involuntary civil commitment to an indefinite sentence, potentially for life.

(14)

STATEMENT OF FACTS
CONTINUED

Cruel And Unusual Punishment

71. Director S.A. Godinez and Warden D. Edwards and the PRB were aware at this time that the State was dispatching State Evaluator, Angeline Stanislaus, M.D., using policy, practice and procedure of violating an inmates MSR, that had been convicted of a sex offense, unable to secure a host site, in an anlawful and arbitrary way to initiate prosecution under the SVPCA.

72. Director S.A. Godinez and Warden D. Edwards, were deliberately indifferent to reducing the policies, practices and procedures of violating a sex offender's MSR, because of inability to find and secure housing and continuously failed to remedy the problem, inquire about the problem, continuously acquiesing to the flagrant Constitutional violations of depriving inmates of their liberty, erroneously initiated in Taylorville Correctional Center.

73. As a result of wrongfully having MSR violated, held in prison approximately 10-11 days and then transferred to DHS, Treatment and Detention Facility, fear, anger, anxiety, confusion and extreme, psychological pain and discomfort, was caused to the Plaintiff.

74. Director S.A. Godinez and Warden D. Edwards, commit acts in furtherance with the Assistant Attorney General, Joelle T. Marasco, Angeline Stanislaus, M.D., and Michael Davey, to conspire and violate the Plaintiff's rights not to be treated cruel and unusual, having his prison sentence wrongfully extended.

(15)

CLAIMS FOR RELILEF
CONTINUED

ing DOC empolyees to transfer the Plaintiff to DHS without assuring the Plaintiff was not erroneously deprived of his liberty, without a proper revocation hearing, in accordance with law, violated the Plaintiff's substantive due process right, not to be deprived of his liberty, without due process of law, under the Fourteenth Amendment to the United States Constitution.

78. Warden D. Edwards, directing DOC empoyees to place the Plaintiff in segregation, without, pen, paper or pencil, denying grievance forms, following Tim Clow's finding of no probable cause to violate the Plaintiff's MSR, so that the Plaintiff could be transferred to DHS, under false notion of being a MSR violator, ensuring the Plaintiff would be deprived of liberty in a greater sense, violating the Plaintiff's substantive due process right not to be deprived of his liberty, without due process of law, protected under the Fourteenth Amendment of the United States Constitution.

79. The PRB, Michael Davey, Director S.A. Godinez and Warden D. Edawrds, failing to assure the Plaintiff had a legitimate hearing and MSR had been properly revoked and then directing DOC employees to place the Plaintiff in segregation, to be transferred to DHS, deprived the Plaintiff of a proper procedure (Procedural Due Process) in violation of the Fourteenth Amendment to the United States Constitution, causing the experience of atysical, significant hardship.

80. Director S.A. Godinez and Warden D. Edawrds, polcies practices and procedures of placing inmates in segregation and having them transferred to DHS to be prosecuted, under the SVPCA as a result of not having found and

(17)

STATEM OF CLAIMS
CONTINUED

and secured a host site, by their out date and not rectifying the situation or advocating for new policies, constitute attitudes of deliberate indifference violating the Eighth Amendtment to the United States Constitution.

81. Director S.A. Godinez, Warden D. Edwards, Assistant Attorney General, Joelle T. Marasco, Michael Davey (State employee) and Angeline Stanislaus, M.D., an independent/private contractor, commit acts in furtherance to deny the Plaintiff the right, not to be cruelly and unusually punished by having his sentence wrongfully extended in violation the Eighth Amendment to the United States Constitution.

82. Defendant Michael Davey, wronfully asserting the Plaintiff violated MSR, to subject the Plaintiff to prosecution under the SVPCA and after Tim Clow's finding of; no probable cause, to violate the Plaintiff's MSR and Director S.A. Godinez and Warden D. Edwards, allowing the Plaintiff's transfer to DHS, potentially an indefinite sentence, is extreme and outrageous conduct, done initially and recklessly, causing fear, anger, anxiety, confusion and intentional infliction of mental and emotional distress.

RELIEF REQUESTED

Compensatory* damages and punitive damages.

Respectfully submitted,

Larry Crawford,
Plaintiff, Pro se.

(18)